FILED

04/18/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0560

DA 22-0560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 69N

PETER GRIGG,

       Petitioner and Appellant,

   v.

MONTANA DEPARTMENT OF LABOR
& INDUSTRY, UNEMPLOYMENT
INSURANCE APPEALS BOARD,

       Respondent and Appellee.

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and For the County of Flathead, Cause No. DV-22-453(A)
               Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Peter Grigg, Self-Represented, Kalispell, Montana

       For Appellee:

       Quinlan L. O'Connor, Department of Labor & Industry, Helena,
       Montana

Submitted on Briefs:  March 29, 2023

Decided:  April 18, 2023

Filed:

_____
                   Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Peter Grigg (Grigg) appeals from an Order denying his Petition for Judicial Review issued by the Eleventh Judicial District Court on September 21, 2022. We affirm.

¶3     On May 24, 2020, Grigg filed an initial claim for unemployment insurance benefits. He reported having worked zero hours and earning zero wages for each of the five benefits weeks between September 5, 2020, and October 3, 2020.

¶4     On February 2, 2021, Grigg's employer reported to Department of Labor & Industry (DOLI) that Grigg worked more than 150 hours and earned $10.50 per hour in wages between August 30, 2020, and October 3, 2020.

¶5     On September 28, 2021, DOLI sent Grigg a Claims Investigation Notice of Conflict (Notice). DOLI informed Grigg of the inconsistency between his report and his employer's records. The Notice stated that Grigg could submit "documents (timecards, check stubs, work schedules, etc.) [to] disprove the employer's reported earnings for the weeks in conflict."

¶6     On October 4, 2021, Grigg responded to the Notice with notes claiming he had worked 100 total hours at $10.00 per hour during the weeks at issue. An Unemployment

2

Insurance Claims Investigator informed Grigg that he would need to verify his hours by submitting paystubs or timecards. Grigg did not provide DOLI with any verifying information between October 4, 2021, and December 3, 2021.

¶7     On December 3, 2021, DOLI determined that Grigg knowingly made false statements to receive unemployment benefits by failing to report hours and earnings for the weeks at issue. DOLI imposed a two-part administrative penalty: Grigg was disqualified from ten weeks of future benefits and Grigg was assessed a penalty of $40.50 or 50 percent of the overpaid benefits he received.

¶8     On December 12, 2021, Grigg requested a redetermination of DOLI's decision. On the same day, the Unemployment Insurance Claims Investigator again informed Grigg that he needed to provide paystubs or timecards to dispute the overpayment. Grigg again failed to submit that information. A redetermination of DOLI's decision affirmed the original decision.

¶9     On February 17, 2022, the Office of Administrative Hearings (OAH) conducted a telephonic hearing of Grigg's appeal of DOLI's redetermination decision.

¶10    On March 3, 2022, an OAH hearings officer affirmed DOLI's redetermination decision. The officer concluded that Grigg failed to provide credible testimony to verify his allegations; that his employer provided accurate records of Grigg's hours and wages; that Grigg knew he initially reported false hours and earnings to receive benefits; that Grigg had been repeatedly advised that his failure to accurately report his hours and earnings may be fraud; and, that DOLI properly issued a $40.50 penalty.

¶11 On April 11, 2022, the Unemployment Insurance Appeals Board (UIAB) affirmed OAH's decision upon an appeal by Grigg. The UIAB determined that OAH relied on substantial credible evidence.

¶12 On April 21, 2022, Grigg filed a Petition for Judicial Review. He reasserted his original claim—that he worked zero hours and earned zero wages during the period in question. Grigg alleged that DOLI's computer system and IDme program were faulty. He also contended that he did not have any clients or earn any wages through his employer until October 2020, despite having signed an employment contract in September 2020.

¶13 On June 22, 2022, Grigg filed a Motion for Jury Trial and sought a Subpoena Duces Tecum to conduct further discovery by obtaining evidence from DOLI.

¶14 On July 8, 2022, the District Court denied Grigg's Motion for Jury Trial and quashed his Subpoena Duces Tecum. The court explained that the law afforded no basis for discovery during appellate review of an unemployment insurance dispute.

¶15 On July 11, 2022, Grigg filed a Motion to Compel, intending to compel DOLI to answer his discovery requests and to produce the evidence he had requested in his subpoena. He also sought to compel DOLI to attend a jury trial.

¶16 On July 25, 2022, Grigg filed a Motion to Dismiss alleging that DOLI did not offer testamentary evidence.

¶17 On September 21, 2022, the District Court issued an Order denying Grigg's Petition for Judicial Review—thereby rendering moot both his Motion to Compel and Motion to Dismiss.

¶18	The District Court restated the evidence provided by Grigg's employer indicating that he worked 15 hours and earned $167.50 between August 30, 2020, and September 5, 2020, 68 hours and $769.43 between September 6, 2020, and September 19, 2020, and 71.50 hours and $807.75 between September 20, 2020, and October 3, 2020. The court summarized the numerous opportunities afforded to but missed by Grigg to provide paystubs or timecards to contest his employer's records. The court also evaluated the relevancy of Grigg's claims of flaws within DOLI's computer systems and IDme program.

¶19	The District Court concluded that the UIAB's findings were supported by substantial evidence—specifically, the employer's records. Based on the limited scope of the court's review of the UIAB decisions, the court stated that it could not consider allegations and arguments by Grigg that did not have any basis in the administrative record.

¶20	On judicial review, this Court regards UIAB's findings of fact as conclusive, if supported by evidence and in the absence of fraud. "Supported by the evidence" means supported by substantial evidence. Substantial evidence is something more than a scintilla of evidence, but less than a preponderance of evidence. If supported by substantial evidence, the UIAB's findings of fact are conclusive—even where substantial evidence exists to the contrary. *Johnson v. W. Transp., LLC*, 2011 MT 13, ¶¶ 16-17, 359 Mont. 145, 247 P.3d 1094.

¶21	The District Court, the UIAB, OAH, and DOLI all relied on the same evidence from Grigg's employer related to his hours and wages during the period in question. Grigg did not provide any substantive evidence to contradict his employer's reports on his hours and wages. This Court concludes that substantial evidence supported UIAB's findings.

¶22     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our

Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of

applicable standards of review.

¶23     Affirmed.

                                                    /S/ MIKE McGRATH


We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE